UNITES STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
CASE NO. _____

| | |
|---|---|
| DALE DURANT,<br><br>                                Plaintiff,<br>-against-<br><br>UNITED STATES OF AMERICA,<br><br>                                Defendant. | **COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT**<br><br>Case No.: 6:17-CV-1026 (LEK/ATB) |

Plaintiff, DALE DURANT, by and through his attorneys Greene & Reid, PLLC, as and for his complaint against the defendant, UNITED STATES OF AMERICA, herein states and alleges as follows:

1. This is an action against the Defendant United States of America under the Federal Tort Claims Act, (28 USC § 2671, *et seq.*) and 28 USC § 1346 (b) (1), for negligence in connection with a motor vehicle driven by an employee of the United States Postal Service and owned by the United States Postal Service.

2. The claims herein are brought against the Defendant pursuant to Federal Tort Claims Act (28 USC § 2671, *et seq.*) and 28 USC § 1346 (b) (1), for money damages as compensation for personal injuries caused by the Defendant's negligence.

3. Plaintiff Durant has fully complied with the provisions of 28 USC § 2675 of the Federal Tort Claims Act. The standard Form 95 is attached as **Exhibit A**.

4. This suit has been timely filed, in that Plaintiff Durant timely served notice of his claim on the United States Postal Service within two years following the incident forming the basis of his suit.

5. Plaintiff Durant is now filing this complaint pursuant to 28 USC § 2401(b) after receiving the United States Postal Service's May 26, 2017, notice of denial of the claim. The denial letter is attached as **Exhibit B**.

6. The Plaintiff Durant is, and at all times relevant hereto, was a residence of Oneida County, New York.

7. The Defendant, United States of America, through its agency, the United States Postal Service owns and operates motor vehicles on the public highways in the County of Oneida, in the state of New York for the purpose of delivering mail.

8. Defendant United States of America, including its directors, officers, operators, administrators, employees, agents, and staff, at the United States Postal Service are herein actively referred to as "U.S. Postal Service."

9. In all times relevant to this claim, the U.S. Postal Service owned and operated motor vehicles on the public highways in Oneida County, in the State of New York.

10. In all times relevant to this claim, the directors, officers, operators, administrators, employees, agents, and staff of the U.S. Postal Service were employed by and/or acting on behalf of the Defendant. Furthermore, the Defendant is responsible for the negligent act of the employees and agents, including Lysle A. Parker, III, under *Respondeat Superior*.

11. Jurisdiction is proper under 28 USC § 1346(b)(1).

12. Venue is proper under 28 USC § 1402(b) in that all, or a substantial part of the acts and admissions forming the basis of these claims occurred in the Northern District of New York.

Case 6:17-cv-01026-LEK-ATB   Document 1   Filed 09/13/17   Page 3 of 5

## FACTUAL ALLEGATIONS

13. On or about August 26, 2015, Plaintiff Durant was operating an all-terrain vehicle in an easterly direction on Mitchell Road in the Town of Verona, County of Oneida, New York.

14. At the same time, Lysle A. Parker, III, was driving a U.S. Postal Service truck, owned by the U.S. Postal Service and bearing Commercial # 8212061, in an easterly direction on Mitchell Road in the Town of Verona, County of Oneida, New York.

15. At that time, Lysle A. Parker, III, was employed by the U.S. Postal Service, was acting within the scope of his employment, and was driving the U.S. Postal Service truck with the express or implied permission of the U.S. Postal Service.

16. At approximately 2:49 p.m., on Mitchell Road, approximately .2 miles east of the intersection with Tilden Hill Road, Lysle A. Parker, III, struck Plaintiff Durant, and the all-terrain vehicle operated by Plaintiff Durant, with the U.S. Postal Service truck.

17. As a result of the collision, Plaintiff Duran's all-terrain vehicle flipped, throwing Plaintiff Durant off of the all-terrain vehicle, and Plaintiff Durant was pinned underneath the U.S. Postal Service truck when it came to a stop in the field adjacent to the roadway.

18. As a result of the collision, Plaintiff Durant has suffered serious and disabling personal injuries.

## FIRST CAUSE OF ACTION - NEGLIGENCE

19. Plaintiff Durant repeats and realleges each and every allegation above as fully set forth herein, and further states and alleges as follows:

20. Lysle A. Parker, III, had a duty to operate the U.S. Postal Service truck in same manner that a reasonably prudent person would operate the U.S. Postal Service truck taking into account all of the conditions and circumstances then and there existing.

GREENE & REID PLLC
ATTORNEYS AT LAW
173 INTREPID LANE
SYRACUSE, NEW YORK 13205-2538
TEL. NO. 315/492-9665

21. Lysle A. Parker, III, breeched that duty.

22. Lysle A. Parker, III, was careless, reckless, and/or negligent in the operation of a motor vehicle, in part, by: operating a motor vehicle without paying adequate and proper attention; operating a motor vehicle without seeing what was there to be seen; continuing to drive a motor vehicle when he was distracted from the act of driving and not concentrating on the roadway; failed to keep a proper lookout; failing to sound his horn to warn the Plaintiff of his presence; traveling at a speed that was not prudent for the conditions and circumstances then and there existing; failing to take proper and timely action to avoid a collision with the Plaintiff; failing to reduce his speed when he should have reduced his speed based on the conditions and circumstances then and there existing; failing to slow the U.S. Postal Service truck or stop based on the conditions; and was otherwise careless, reckless and/or negligent in the operation of the U.S. Postal Service truck.

23. At the time of the collision, Lysle A. Parker, III, was acting within the scope of his employment with the Defendant, U.S. Postal Service, and was driving the U.S. Postal Service truck with the express or implied permission of the U.S. Postal Service.

24. The Defendant, United States of America, is liable for the damages caused by Lysle A. Parker, III's, negligence pursuant to § 28 USC 1346 (b) (1); pursuant to operation of New York State Vehicle and Traffic Law § 388 (1); by the doctrine of *Respondeat Superior*; or is otherwise vicariously liable for the carelessness, recklessness, and/or negligence of the driver, Lysle A. Parker, III.

25. As a direct, sole and proximate cause of the Defendant's careless, reckless and/or negligent conduct, as stated herein, the Plaintiff was caused to and did sustain harms, losses and damages in the form of serious, disabling and permanent injuries, permanent disabilities, medical expenses, and pain and suffering.

26. By reason of the Defendant's careless, reckless and/or negligent conduct, the Plaintiff has suffered a "Serious Injury" as defined in Section 5102 (d) of the Insurance Law of the State of New York, and has suffered economic loss greater than basic economic loss under New York State Insurance law § 5104.

27. The harms, losses, damages, and sufferings sustained by the Plaintiff are continuing in nature.

28. The acts and/or omissions set forth above constitute a viable claim under the law of the State of New York.

**WHEREFORE,** Plaintiff, Dale Durant, does hereby pray that judgment be entered in his favor against the Defendant as follows:

A) Medical expenses, past and future pain and suffering, past and future impairment, and loss of enjoyment of life totaling $950,000; and

B) Costs and attorney's fees incurred in this civil action, together with such further and additional relief at law or in equity that this Court may deem proper.

**DATED:** September 11, 2017

_____
Eugene W. Lane, Esq.
**GREENE & REID, PLLC**
*Attorneys for Plaintiff*
Office and Post Office Address
173 Intrepid Lane
Syracuse, New York 13205
Telephone: (315) 492-9665
Email: elane@greenereid.com
Bar Roll No.: 519803